IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

KEITH C. JOHNSON, )
                                        )
            Plaintiff,     )
                                        )
    v.                             )
                                        )
RLI INSURANCE COMPANY, )
                                        )
            Defendant.     )
                                        )

COPY
Original Received

APR 2 9 2014

Clerk of the Trial Courts

Case No. 3AN-14-6526 CI

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Plaintiff Keith C. Johnson, by and through counsel of record, Bliss Wilkens Clayton & Diemer, hereby states and alleges as follows:

### I. PARTIES AND JURISDICTION

1.    Plaintiff Keith C. Johnson is a resident of Hinckley, Minnesota.

2.    Defendant RLI Insurance Company (hereafter "RLI") is incorporated and has its principal place of business in the State of Illinois. RLI is authorized to conduct business in the State of Alaska.

### II. JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this case pursuant to AS 22.10.020, because the amount in controversy exceeds $100,000.00.

4.    Venue is proper in the Third Judicial District in Anchorage pursuant to Alaska Rule of Civil Procedure 3.

BLISS
WILKENS
CLAYTON
& DIEMER

500 L STREET
SUITE 200
ANCHORAGE, AK
99501
T 907.276.2999
F 907.276.2955

846 E INNOVATION
PARK DR
ORO VALLEY, AZ
85755
T 907.276.2999
F 907.276.2955

## III. GENERAL ALLEGATIONS

5.      On July 18, 2011, a single vehicle accident occurred when a 1999 Chevrolet Suburban departed the Sterling Highway near Soldotna in the Third Judicial District, State of Alaska. The vehicle had four occupants. The negligence of the driver, Robert Stenehjem, Sr., was the cause of the accident and resulting injuries. Robert Stenehjem, Sr., died in the accident. Plaintiff was a passenger in the vehicle and sustained serious injuries.

6.      Allstate Property & Casualty Insurance Company (hereafter "Allstate") issued automobile insurance policy number 92008874806/06 to John Stenehjem personally, which was in effect on the date of the accident, for the 1999 Chevrolet Suburban (VIN #1GNFK16R4XJ536249). The policy included liability coverage, with limits of $250,000.00 per person for bodily injury and $500,000.00 per occurrence. The policy also included uninsured/underinsured motorist coverage ("UM") with limits of $250,000.00 per person and $500,000.00 per accident.

7.      Defendant RLI issued a Personal Umbrella Liability Policy to John Stenehjem in the State of Alaska. A true and accurate copy of the RLI policy in effect on the date of the accident, Policy No. PUP0360188, is attached as Exhibit A. The facial limits of liability insurance coverage on this policy is $2,000,000.00 each occurrence.

**BLISS
WILKENS
CLAYTON
& DIEMER**

500 L STREET
SUITE 200
ANCHORAGE, AK
99501
T 907.276.2999
F 907.276.2955

1846 E INNOVATION
PARK DR
ORO VALLEY, AZ
85755
T 907.276.2999
F 907.276.2955

8.    National Farmers Union Property & Casualty Company (hereafter "Farmers") issued insurance policy number 1PA0272826-1110301, providing liability coverage to Robert Stenehjem, Sr., with a facial limit of $100,000.00.

9.    In February 2012, Allstate offered to pay Plaintiff the full per person limit of the bodily injury liability coverage under Policy No. 92008874806/06, issued to John Stenehjem personally.    Farmers, at or around this same time period, offered to pay Plaintiff the limits of their liability policy for Robert Stenehjem, Sr.

10.    Allstate offered to pay Plaintiff the liability limits based on the representation from John Stenehjem, that Robert Stenehjem, Sr., was a permissive user and was authorized to operate the 1999 Chevrolet Suburban.

11.    On June 18, 2012, Plaintiff Keith Johnson and his spouse, Jessica Johnson, filed a complaint against Kathleen Stenehjem, in her capacity as the personal representative for the Estate of Robert Stenehjem, Sr., in the District Court for the County of Burleigh, State of North Dakota, Cause No. 08-2013-CV-00249 (hereafter "North Dakota civil suit").    The complaint alleged Robert Stenehjem, Sr., negligently drove the vehicle off the road causing serious injuries and related damages.

12.    On September 19, 2012, Defendant RLI, through its employees and/or agents, denied coverage for the accident and denied any duty to defend or indemnify Kathleen Stenehjem, in her capacity as the personal representative for the Estate of Robert Stenehjem, Sr., in the North Dakota civil suit.

BLISS
WILKENS
CLAYTON
& DIEMER

500 L STREET
SUITE 200
ANCHORAGE, AK
99501
T 907.276.2999
F 907.276.2955

1846 E INNOVATION
PARK DR
ORO VALLEY, AZ
85755
T 907.276.2999
F 907.276.2955

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES
Page 3 of 8

*Johnson v. RLI Ins. Co.*
3AN-14-_____ CI

13.    In February 2013, parties to the North Dakota civil suit reached a settlement agreement.

14.    On April 2, 2013, the Honorable District Court Judge Sonna Anderson approved the settlement in the North Dakota civil suit. The court entered judgment in favor of Plaintiffs and against Defendant Estate of Robert Stenehjem, Sr., in the amount of $2,293,237.87, inclusive of costs, disbursements and attorney fees. A true and accurate copy of the court's judgment, findings of fact, conclusions of law, and executed settlement agreement are attached as Exhibit B.

15.    In conjunction with the settlement in the North Dakota civil suit, Defendant Estate of Robert Stenehjem, Sr., assigned to Plaintiff Keith C. Johnson any and all claims the Estate of Robert Stenehjem, Sr., had arising out of the July 2011 accident against RLI arising under the RLI Personal Umbrella Liability Policy issued to John Stenehjem. Settlement Agreement, ¶ VI(g), Ex. B.

16.    RLI issued the RLI Personal Umbrella Liability Policy to John Stenehjem when he resided in Anchorage, Alaska.

17.    In May 2012, Allstate paid the amount of $277,500.00 to Plaintiff, representing the per person policy limit for bodily injury loss inclusive of Rule 82 attorney fees and interest. At the same time, Farmers also paid to Plaintiff its per person liability policy limit for Robert Stenehjem, Sr., in the amount of $110,000.00.

18.    A partial satisfaction of judgment was filed in the North Dakota civil suit in the amount of $387,500.00, representing the amounts paid to Plaintiff. Except for

**BLISS
WILKENS
CLAYTON
& DIEMER**

500 L STREET
SUITE 200
ANCHORAGE, AK
99501
T 907.276.2999
F 907.276.2955

1846 E INNOVATION
PARK DR
ORO VALLEY, AZ
85755
T 907.276.2999
F 907.276.2955

these payments, the judgment entered against Defendant Estate of Robert Stenehjem, Sr., remains unsatisfied.

19.    Robert Stenehjem, Sr., was an authorized and permissive operator of the 1999 Chevrolet Suburban and an insured person under Defendant RLI's Personal Umbrella Liability Policy No. PUP0360188.

20.    The claims brought in this matter by Plaintiff are as the assignee of the Estate of Robert Stenehjem, Sr., for breach of contract and insurance bad faith against Defendant RLI arising under RLI's Personal Umbrella Liability Policy No. PUP0360188, the April 2, 2013 settlement in the North Dakota civil suit, and the assignment of claims within that settlement.

## COUNT I

### DECLARATORY JUDGMENT

21.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 of this Complaint.

22.    An actual controversy exists between Plaintiff and Defendant regarding the rights and obligations arising under the Personal Umbrella Liability Policy issued by Defendant RLI to John Stenehjem.

23.    Plaintiff is entitled to a declaration that, under the laws of the State of Alaska, Kathleen Stenehjem, in her capacity as the personal representative for the Estate of Robert Stenehjem, Sr., was entitled to a defense against the claims asserted in the North Dakota civil suit and indemnity from the Judgment which is attached as Exhibit B

**BLISS WILKENS CLAYTON & DIEMER**

500 L STREET
SUITE 200
ANCHORAGE, AK 99501
T 907.276.2999
F 907.276.2955

1846 E INNOVATION
PARK DR
ORO VALLEY, AZ 85755
T 907.276.2999
F 907.276.2955

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES
Page 5 of 8

*Johnson v. RLI Ins. Co.*
3AN-14-_____ CI

under Personal Umbrella Liability Policy No. PUP0360188, issued by Defendant RLI to John Stenehjem.

**COUNT II**

**BREACH OF CONTRACT**

24. Plaintiff incorporates by reference the allegations in paragraphs 1 through 23 of this Complaint.

25. A contract for insurance existed between John Stenehjem and Defendant RLI that covered Robert Stenehjem, Sr., as an insured person.

26. Personal Umbrella Liability Policy No. PUP0360188, issued by Defendant RLI to John Stenehjem, was a valid insurance contract for the purpose of insuring, protecting and indemnifying Robert Stenehjem, Sr., in the event of a claim arising from his permissive use and operation of the 1999 Chevrolet Suburban.

27. Defendant RLI, without justification, breached its obligations under the contract for insurance, by acts and omissions, including denying coverage for the July 18, 2011 accident and refusing to defend and indemnify Kathleen Stenehjem, in her capacity as the personal representative for the Estate of Robert Stenehjem, Sr., from the North Dakota civil suit.

28. As a result of Defendant RLI's unjustified breach, Kathleen Stenehjem and the Estate of Robert Stenehjem, Sr., suffered damages in an amount to be proven at trial.

**BLISS
WILKENS
CLAYTON
& DIEMER**

500 L STREET
SUITE 200
ANCHORAGE, AK
99501
T 907.276.2999
F 907.276.2955

1846 E INNOVATION
PARK DR
ORO VALLEY, AZ
85755
T 907.276.2999
F 907.276.2955

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES
Page 6 of 8

*Johnson v. RLI Ins. Co.*
3AN-14-_____ CI

29.    Defendant RLI is responsible for all contractual damages suffered by Kathleen Stenehjem and the Estate of Robert Stenehjem, Sr., as a result of its breach of contract.

## COUNT III

### TORT OF BAD FAITH BREACH

30.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 29 of this Complaint.

31.    Defendant RLI breached the implied covenant of good faith and fair dealing by denying any duty to defend and indemnify Kathleen Stenehjem, in her capacity as the personal representative for the Estate of Robert Stenehjem, Sr., in the North Dakota civil suit arising from the July 18, 2011 accident under the Personal Umbrella Liability Policy issued by Defendant RLI to John Stenehjem.

32.    As a direct and proximate result of Defendant RLI's bad faith breach of the covenant of good faith and fair dealing, Kathleen Stenehjem and the Estate of Robert Stenehjem, Sr., suffered tort damages, including, but not limited to, an adverse judgment of $2,293,237.87 in the North Dakota civil suit.

33.    RLI's actions were motivated by financial gain and were outrageous or done with reckless indifference to the interests of Kathleen Stenehjem, in her capacity as the personal representative for the Estate of Robert Stenehjem, Sr., justifying an award of punitive damages.

**BLISS WILKENS CLAYTON & DIEMER**

500 L STREET
SUITE 200
ANCHORAGE, AK
99501
T 907.276.2999
F 907.276.2955

1846 E INNOVATION
PARK DR
ORO VALLEY, AZ
85755
T 907.276.2999
F 907.276.2955

Case 3:14-cv-00095-SLG   Document 1-1   Filed 05/20/14   Page 7 of 32

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant him the following relief:

1.     A declaration that Robert Stenehjem, Sr., was entitled to coverage as an insured person under the Personal Umbrella Liability Policy issued by Defendant RLI to John Stenehjem;

2.     An award of damages in excess of $100,000.00 against Defendant RLI, caused by RLI's breach of contract and breach of the duty of good faith and fair dealing, the precise amount to be proven at trial;

3.     An award of damages in the amount of $2,293,237.87 for the judgment entered against the Estate of Robert Stenehjem, Sr., plus post-judgment interest, less $387,500.00 paid in partial satisfaction of the judgment.

4.     An award of punitive damages against Defendant RLI;

5.     Attorney's fees and costs incurred in the prosecution of this matter; and

6.     Such other relief as this Court deems just and equitable.

DATED at Anchorage, Alaska, this 29th day of April, 2014.

BLISS, WILKENS CLAYTON & DIEMER
Lawyers for Plaintiff

By: _____
Alfred Clayton, Jr.
ABA No. 9111079

**BLISS
WILKENS
CLAYTON
& DIEMER**

500 L STREET
SUITE 200
ANCHORAGE, AK
99501
T 907.276.2999
F 907.276.2955

1846 E INNOVATION
PARK DR
ORO VALLEY, AZ
85755
T 907.276.2999
F 907.276.2955

N:\JAW\854\773\PLDNGS\Complaint.DJ Relief and Damages.doc

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES
Page 8 of 8

*Johnson v. RLI Ins. Co.*
3AN-14-_____ CI

# CERTIFICATION

I, Donald J. Driscoll, do hereby certify that I am the Vice President - Claim Department of RLI Insurance Company, a corporation organized and existing under the laws of the State of Illinois, and that the attached is a true and correct copy of Policy No. PUP0360188 (12/10/2010-12/10/2011) issued to Policy Holder John Stenehjem.

_Don J Driscoll_

Donald J. Driscoll, Vice President-RLI Claim Department



Dated at Peoria, Illinois this 26th day of December, 2012.

AIC 884



**RLI Insurance Company**
Peoria, Illinois 61615

A stock insurance company, herein called the Company

# PERSONAL UMBRELLA LIABILITY POLICY

These Renewal Declarations are a part of your policy. All other terms and conditions remain unchanged.

## RENEWAL DECLARATIONS

| Policy Number PUP0360188 | | 11/19/2010 |
|---|---|---|

| Named Insured & Mailing Address | Agent |
|---|---|
| JOHN STENERHEM<br>1452 S ELLSWORTH RD #3517<br>MESA, AZ 85209 | 35096 NWC Insurance Services<br>P.O. Box 7307<br>Santa Rosa, CA 95407 |

| Primary Residence Address (if different than above)<br>Same As Above | Insured's Brokering Agent<br>62492. Samber, Ronald<br>(907) 333-4966 |
|---|---|

| Policy Period – 12:01 A.M. standard time at the address<br>of the Named Insured as stated herein. | From 12/10/2010 | To 12/10/2011 |
|---|---|---|

| Limit of Coverage $2,000,000 each occurrence | |
|---|---|
| Premium $▮ | Premium Information Redacted |
| Self-Insured Retention: $500 each occurrence | |
| Forms included at issue will appear on Page 2 of this Declaration. | |

### REQUIRED BASIC POLICIES

It is agreed by you that you and any Relative will be covered by an Automobile liability policy for any Automobile you operate or your Relative operates for at least the minimum limits listed below. It is also agreed by you that you and any Relative will be covered by a personal liability policy for at least the minimum limits listed below. If you or your Relatives are not covered under your policies for at least the minimum limits listed below, they must be covered under another Automobile liability policy and another personal liability policy for at least the minimum limits below. If you or your Relatives own a Farm, Seasonal/Secondary/Rental Properties, Recreational Vehicles or Watercraft, you or your Relatives, as the case may be, agree to carry the appropriate policy (or endorsements) listed below covering both you and your Relatives for at least the minimum limits listed below.

| Basic Policy | Minimum Limit of Coverage | | |
|---|---|---|---|
| A. Automobile Liability | Bodily Injury | $ | 250,000 each person |
| | | $ | 500,000 each occurrence |
| | Property Damage | $ | 50,000 each occurrence |
| | | | or |
| | Bodily Injury | $ | 300,000 each person |
| | | $ | 300,000 each occurrence |
| | Property Damage | $ | 50,000 each occurrence |
| | | | or |
| | Bodily Injury and Property Damage | | |
| | Combined Single Limit | $ | 300,000 each occurrence |

(continued on page 2)
PUP 310 (04/10)

Page 1 of 2

AIC 885

| Basic Policy | | Minimum Limit of Coverage | |
|---|---|---|---|

**B.** Personal Liability

1. PRIMARY RESIDENCE
   Homeowners or Personal Liability

| | Bodily Injury and Property Damage | | |
|---|---|---|---|
| | Combined Single Limit | $ | 300,000 each occurrence |

2. SEASONAL, SECONDARY OR RENTAL PROPERTIES
   Comprehensive Personal Liability or Premises Liability

| | Bodily Injury and Property Damage | | |
|---|---|---|---|
| | Combined Single Limit | $ | 300,000 each occurrence |

3. FARM
   Farmowners or Comprehensive Personal Liability

| | Bodily Injury and Property Damage | | |
|---|---|---|---|
| | Combined Single Limit | $ | 300,000 each occurrence |

**C.** Recreational Vehicle Liability

| | Bodily Injury | $ | 100,000 each person |
|---|---|---|---|
| | | $ | 300,000 each occurrence |
| | Property Damage | $ | 25,000 each occurrence |
| | | or | |
| | Bodily Injury and Property Damage | | |
| | Combined Single Limit | $ | 100,000 each occurrence |

**D.** Watercraft Liability
(including, but not limited to, personal watercraft)

| | Bodily Injury | $ | 300,000 each person |
|---|---|---|---|
| | | $ | 300,000 each occurrence |
| | Property Damage | $ | 100,000 each occurrence |
| | | or | |
| | Bodily Injury | $ | 250,000 each person |
| | | $ | 500,000 each occurrence |
| | Property Damage | $ | 100,000 each occurrence |
| | | or | |
| | Bodily Injury and Property Damage | | |
| | Combined Single Limit | $ | 300,000 each occurrence |

Forms included at issue:
PUP 320 (04/10) POLICY PROVISIONS
PUA 402 (04/10) STATE AMENDATORY
ILF 0001 (01/01) SIGNATURE PAGE

AIC 886

EXHIBIT A Page 3 of 14

THIS POLICY IS NOT COMPLETE WITHOUT A DECLARATIONS PAGE.

**RLI Insurance Company**
Peoria, Illinois 61615

A Stock Insurance Company

## Personal Umbrella Liability Policy

## POLICY PROVISIONS

RLI Insurance Company will provide the insurance described in this policy. You agree to pay the premium and comply with your responsibilities in the policy.

**PART I - DEFINITIONS**

In this policy, the words you, your, or yours mean the person named in the Declarations as the Named Insured and his or her spouse who lives in the same household. The words we, us, our, or ours mean RLI Insurance Company. Also, in this policy, the word:

A. **Automobile** means:

1. A private passenger motor vehicle, motorcycle, moped or motor home;

2. A trailer, farm wagon or hay rack while towed by a private passenger motor vehicle, or

3. Any motorized vehicle that would otherwise be classified as a **Recreational Vehicle** that requires motor vehicle registration or operator licensing.

B. **Basic Policy or Policies** means a policy or policies listed in the Declarations (including renewals, temporary replacements for non-owned **Automobiles**, or endorsements) which provides primary liability coverage. A **Basic Policy** does not include a commercial or business general liability policy or other non-personal premises liability policy.

C. **Bodily Injury** means bodily harm, sickness or disease (including required care, loss of services, and death) to others.

D. **Business** means a trade, occupation or profession, including farming and ranching. **Business** also means residential property rented or held for rental to others.

E. **Business Property** means property on which a **Business** is operated, including farms and ranches, whether or not such property is occupied or in use.

F. **Injury** means **Bodily Injury**, **Personal Injury** or **Property Damage**.

G. **Insured Location** means a one to four family dwelling, condominium, townhouse or a one to two family mobile home. **Insured Location** includes any primary, secondary and/or seasonal dwelling that is owned or occupied by you, as well as the other related, private structures and grounds at that location.

H. **Occurrence** means:

1. An accident, including continuous or repeated exposure to the same general harmful conditions, that results in **Bodily Injury** or **Property Damage**.

2. An offense that results in **Personal Injury**.

I. **Personal Injury** means damages arising out of the following offenses:

1. Libel, slander, or defamation of character;

2. False arrest, willful or false detention or imprisonment, or malicious prosecution;

3. Wrongful eviction, wrongful entry or invasion of privacy; or

4. Assault or battery, if committed to protect persons or property.

J. **Private passenger motor vehicle** includes but is not limited to automobiles, vans, motorcycles or pickup trucks with a gross vehicle weight rating under 9,000 pounds. **Private passenger motor vehicle** does not include a vehicle that is subject to state or federal regulation as a commercial motor vehicle.

PUP 320 (04/10)

Page 1 of 8

**AIC 887**

K. **Property Damage** means direct physical damage to tangible property as well as loss of use of the property.

L. **Punitive or Exemplary Damages** means damages imposed to punish a wrongdoer and/or deter others from similar conduct. **Punitive or Exemplary Damages** includes aggravated damages or damages on an increased or multiplied scale, which are awarded to the injured party in addition to compensatory damages.

M. **Recreational Vehicle** means a motorized vehicle for use on land which does not require motor vehicle registration or operator licensing and which is not intended for use on public highways. **Recreational Vehicle** includes, but is not limited to:

1. Snowmobiles, all-terrain vehicles, motorbikes, golf carts, personal transporters; or

2. Motorized farm, garden, ranch, and maintenance equipment, modified or unmodified, capable of speed that does not exceed twenty-five (25) mph under any circumstances.

N. **Relative** means a person related to you by blood, marriage, or adoption who lives in your household on a fulltime basis and anyone else in your or a **Relative's** care living in your household. Any child will be considered "living in your household on a fulltime basis" if you or a **Relative** are a legal custodian of the child. A **Relative** includes a student who is enrolled in college and living temporarily away from home.

O. **Self Insured Retention** means the amount shown in the Declarations that anyone covered by this policy must pay for **Injury** before we pay any amount under this policy. This amount shall be applied if the **Basic Policies** do not provide coverage for the **Occurrence**, but coverage is afforded under this policy.

P. **Suit** means a civil proceeding alleging damages because of **Injury** to which this insurance applies.

Q. **Watercraft** means a boat or craft which is designed for use on water.

PART II - WHO IS COVERED - INSUREDS

A. For **Occurrences** other than those involving the use of **Automobiles**, **Recreational Vehicles** or **Watercraft**:

1. You and your **Relatives** are covered.

2. Any person or organization legally responsible for your or a **Relative's** animals is covered if:

   a. the **Occurrence** arises out of the custody of the animal by that person or organization;

   b. their custody of such animal is with your or a **Relative's** consent; and

   c. the custody is not in the course of any **Business** of such person or organization; and

   d. they are covered under a **Basic Policy** for **Occurrences** involving your or a **Relative's** animals.

3. A trust or any other person, in addition to those described above, who is covered as an insured for liability under your **Basic Policy** is covered for such **Occurrence**.

B. For **Occurrences** involving the use of **Automobiles**, **Recreational Vehicles** or **Watercraft**:

1. a. You are covered for any **Automobile**, **Recreational Vehicle** or **Watercraft** you own, borrow, rent, or use.

   b. Anyone else who uses an **Automobile**, **Recreational Vehicle** or **Watercraft** you own, borrow, rent, or use as a temporary substitute is covered if:

      (1) they use it with your express or implied permission; and,

      (2) the use is for the purpose you intended.

   The coverage extended by paragraph 1 shall not extend to:

      (1) the owner of a borrowed or rented **Automobile**, **Recreational Vehicle** or **Watercraft** or his agents or employees; nor,

      (2) organizations involved in **Automobile**, **Recreational Vehicle** or **Watercraft** sales, service, garage or parking **Business**, nor their agents or employees.

2. a. Your **Relatives** are covered for any **Automobile**, **Recreational Vehicle** or **Watercraft** they own, rent, or use as a temporary substitute or is furnished for their regular use. Your **Relatives** are covered for any **Automobile**, **Recreational Vehicle** or **Watercraft** they borrow if:

PUP 320 (04/10)

Page 2 of 8

AIC 888

EXHIBIT A Page 5 of 14

(1) they use it with the owner's express or implied permission; and

(2) the use is for the purpose intended by the owner.

b. Anyone who uses an **Automobile, Recreational Vehicle or Watercraft** owned by a **Relative** is covered if:

(1) they use it with the **Relative's** express or implied permission; and

(2) the use is for the purpose intended by the **Relative**.

## PART III - WHAT WE WILL DO

A. 1. We will pay an amount for which anyone covered by this policy becomes legally liable for **Injury** due to an **Occurrence** which takes place during the Policy Period and in the Policy Territory. This insurance applies:

a. As excess insurance over and above the greater of:

(1) the Minimum Limit of Coverage as stated in the Declarations which is required to be provided by the **Basic Policies**; or

(2) the actual Limit of Coverage provided by the **Basic Policies** if such actual limit is greater than the Minimum Limit of Coverage as stated in the Declarations.

b. If such **Injury** is not covered under the applicable **Basic Policies** and coverage is afforded under this policy, to the extent such amount exceeds the **Self Insured Retention** amount stated in the Declarations.

2. The most we will pay for **Injury** because of an **Occurrence** covered under this policy is stated as the each accident Limit of Coverage as shown in the Declarations. There is no limit to the number of **Occurrences** during the Policy Period for which a claim may be made. This insurance applies separately to each person covered by this policy, but this does not increase our Limit of Coverage per **Occurrence**.

B. If you or any person are covered for **Injury** by this policy, but such **Injury** is not covered under the **Basic Policies**:

1. We have the right and duty to defend you or such person against legal actions seeking payment from you or such person because of **Injury**. We will do this even if there are no grounds for the action or claim. We will pay the cost of this defense in addition to the Limit of Coverage.

2. We will pay the premium for appeal bonds as well as all reasonable expenses (including loss of earnings up to $250.00 per day), in addition to the Limit of Coverage. The premium and expenses will be paid only if incurred at our request.

3. Our duty to defend, and any obligation we have to pay other defense costs or expenses under this subsection B., ends when the amount we pay for any or all **Injury** equals our Limit of Coverage.

C. 1. If any of the **Basic Policies** required to be carried are:

a. not carried, we will pay only as though the **Basic Policies** had been carried; or

b. terminated, we will pay only as though the **Basic Policies** had never been terminated.

2. If the Limits of Coverage carried under the **Basic Policies** are:

a. less than the minimum required limits listed in the Declarations, we will pay only as though **Basic Policies** had been carried with the Minimum Limit of Coverage required in the Declarations; or

b. reduced by the payment of losses under the **Basic Policies**, we will pay only as though the **Basic Policies** had not had such limits reduced by the payment of any losses under the **Basic Policies**.

3. If any of the **Basic Policies** required to be carried do not cover your **Relatives** as required by the provisions of the Declarations, we will pay for such **Relatives** only as though the required **Basic Policies** did cover your **Relatives** for at least the Minimum Limits of Coverage listed in the Declarations.

4. If any of the **Basic Policies** cover your **Relatives** in an amount less than the Minimum Limits of Coverage listed in the Declarations, we will pay for such **Relatives**, only as though the required **Basic Policies** covered them for at least the Minimum Limits of Coverage listed in the Declarations.

5. If any of the **Basic Policies** required to be carried do not cover insureds referenced in Part II, B.1.b. as required by the provisions of the Declarations, we will pay for such insureds only as though the required **Basic Policies** did cover such insureds for at least the Minimum Limits of Coverage listed in the Declarations.

AIC 889

6. If any of the **Basic Policies** cover insureds referenced in Part II. B.1.b. in an amount less than the Minimum Limits of Coverage listed in the Declarations, we will pay for such insureds, only as though the required **Basic Policies** covered them for at least the Minimum Limits of Coverage listed in the Declarations.

7. If any insurance company providing any **Basic Policies** becomes unable to pay because it is insolvent, we will only pay, subject to this policy's Limits of Coverage, to the extent that the amount for **Injury** exceeds the **Basic Policies'** Minimum Limit of Coverage as listed in the Declarations.

8. In regard to C.1. through C.7. above, we will not be responsible, nor will we pay for, any defense, investigation, negotiation, legal fees, court costs, interest, or any similar fees or costs. We do, however, have the right to enter any such matter if we wish.

9. If the **Basic Policies** do not provide coverage due to failure to comply with conditions in those **Basic Policies**, this policy also will not provide coverage for that claim.

PART IV – WHAT IS NOT COVERED – EXCLUSIONS

This policy does not provide coverage for:

A. **Injury** caused by, resulting from, arising out of or in any way connected with **Business Pursuits** or **Business Property**, unless arising from an **Insured Location** and unless the **Injury** is covered by a valid and collectible **Basic Policy** for the full Minimum Limits of Coverage listed in the Declarations. However, this exclusion does not apply to **Injury** arising from activities occurring on a farm or ranch which are personal rather than **Business** in nature.

B. **Injury** arising out of or in any way connected with the **Business** use of an **Automobile**, **Recreational Vehicle** or **Watercraft**, unless that use is by you or your **Relatives** and unless the **Injury** is covered by a valid and collectible **Basic Policy** for the full Minimum Limits of Coverage listed in the Declarations.

C. **Injury** arising out of the rendering or failure to render a professional service of any nature.

D. **Injury** arising out of the ownership, maintenance, operation, use, loading or unloading of any aircraft, by, on behalf of or at the direction of you, a **Relative** or any other person covered by this policy. An aircraft means any contrivance used or designed for flight, except model or hobby aircraft not used for or designed to carry people or cargo.

E. Any obligation you or anyone else has to provide benefits to employees under a worker's compensation, occupational disease, unemployment compensation, disability benefits law, or any similar law.

F. **Personal Injury** or **Bodily Injury** to a household employee, unless covered under a **Basic Policy**.

G. **Injury** arising from activities as an officer or member of the board of directors of any organization or corporation unless that organization or corporation is not formed for profit and the **Injury** is covered by either (1) a **Basic Policy** for the full Minimum Limits of Coverage shown in the Declarations or (2) valid and collectible primary insurance equal to the personal liability limit listed in the Declarations.

H. Any claim or **Suit** that is:

1. brought by or on behalf of any person who qualifies for coverage under Part II (WHO IS COVERED – INSUREDS) against any other person who qualifies for coverage under Part II (WHO IS COVERED – INSUREDS); or

2. brought by any person who lived in your household during the Policy Period against any person who qualifies for coverage under Part II (WHO IS COVERED – INSUREDS).

Exclusion H.1. does not apply to a claim or suit brought by a passenger, unless that passenger is a Named Insured or Relative.

I. **Bodily Injury** or **Property Damage** caused by an intentional, purposeful or criminal act, regardless of whether or not that **Bodily Injury** or **Property Damage** was expected or intended.

J. You or anyone else for any **Injury** involving nuclear energy or radiation if the loss is covered, or should have been covered, except for coverage limits exhaustion, by a nuclear energy liability policy.

K. No-fault benefits, uninsured motorist or underinsured motorist benefits or any other first party benefits.

L. **Injury** which arises, directly or indirectly, out of the transmission of a communicable disease by you, a **Relative** or any other person covered by this policy.

M. **Property Damage** to:

a. property owned, rented or occupied by you or a **Relative**, or

b. property in the care, custody or control of you or a **Relative**.

PUP 320 (04/10)

Page 4 of 8

N. Injury arising out of any physical or sexual abuse, licentious, immoral, or sexual behavior, or embarrassment, harassment or humiliation, all whether actual or threatened;

O. Injury arising out of any speed contest or race involving an **Automobile, Recreational Vehicle** or **Watercraft**, including but not limited to an impromptu speed or passing contest. This exclusion does not apply to insured Watercraft operated by sail.

P. Injury caused directly or indirectly by war, including the following and any consequences of any of the following:

   1. Undeclared war, civil war, insurrection, rebellion or revolution;

   2. Warlike act by a military force or military personnel; or

   3. Destruction, seizure or use for a military purpose.

   Discharge of a nuclear weapon will be deemed a warlike act even if accidental.

Q. Injury arising out of discrimination on the grounds of race, sex, color, national origin, age, creed, disability or sexual preference, or allegation of any of these acts.

R. Injury arising out of the ingestion, inhalation or absorption of lead.

S. Injury arising out of the giving or serving of any alcoholic beverage unless also covered by valid and collectible insurance under the **Basic Policy** for the full Minimum Limit of Coverage shown for such **Basic Policy** in the Declarations.

T. Injury arising from property rented or held for rental by anyone insured by this policy, unless (1) the property meets the definition of **Insured Location**; and (2) the **Injury** is covered by a valid and collectible **Basic Policy** for the full Minimum Limits of Coverage shown in the Declarations.

U. Injury arising out of:

   1. the entrustment of real property, an **Automobile, Recreational Vehicle** or **Watercraft** by anyone covered by this policy to any person; or

   2. the negligent supervision of any person or animal by anyone covered by this policy;

   3. any liability statutorily imposed on anyone covered by this policy;

   4. any liability assumed through an unwritten or written agreement by anyone covered by this policy; or

   5. the ownership or entrustment of any animal to anyone covered by this policy;

   unless also covered by valid and collectible insurance under the **Basic Policy** for the full Minimum Limit of Coverage shown in the Declarations.

V. **Injury** arising out of the ownership, maintenance, operation, boarding or debarking of any **Watercraft** which exceeds forty-five (45) feet in length and/or any model, modified or unmodified, capable of speed that exceeds fifty (50) miles per hour under any circumstances. This exclusion does not apply to jet skis, waverunners or similar personal watercraft.

W. Actual or alleged injury, including death at any time resulting there from, arising directly or indirectly, in whole or part, from the actual, alleged or threatened exposure to, inhalation of, ingestion of, contact with, absorption, existence of or presence of any **Fungi**, or for the diminution in value, loss of market value, loss of use, removal or abatement of any **Fungi** alleged to be causative or potentially causative of **Bodily Injury, Property Damage**, or **Personal Injury**.

This exclusion applies regardless of whether any other cause, event, material, product or condition, including but not limited to water damage or water intrusion, contributed concurrently or in any sequence to such loss, demand, claim, cost, expense, suit, **Bodily Injury, Property Damage, Personal Injury** or liability.

**Fungi** means any type or form of fungus, including mold or mildew, and any mycotoxins, spores, scents or by-products produced or released by fungi.

X. **You** or anyone else for any **Injury** arising out of premises sold, abandoned or given away by any person covered by this policy, whether residential or commercial.

Y. Injury arising out of:

broadcasting, communicating, posting, publishing, searching, accessing or telecasting through the public internet or any local intranet. This includes all electronic communications sent via computer, mobile device, telephone, satellite or any other electronic device unless also covered by valid and collectible insurance under the **Basic Policy** for the full Minimum Limits of Coverage shown in the Declarations.

PUP 320 (04/10)

AIC 891

EXHIBIT A Page 8 of 14

Exhibit A
Page 16 of 32

Z.    Liability for **Punitive or Exemplary Damages**, fines or penalties.

AA.   **Personal Injury** arising out of any offense that first took place before the beginning of the policy period.

BB.   **Injury** arising out of:

1.  The actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape, contamination, growth, inhalation, ingestion, absorption of or exposure to **Pollutants**:

    a.  At or from any premises, site or location on which **you** or any covered person is performing or has performed operations; or

    b.  At or from any premises, site or location which is or was at any time owned or occupied by or rented or loaned to **you** or any covered person. However, this subparagraph does not apply to:

        (i)   **Injury** arising out of heat, smoke or fumes from a **hostile fire**; or

        (ii)  **Injury** if sustained within a building and caused by smoke, fumes, vapors or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

2.  Any loss, cost or expense arising out of any:

    a.  Request, demand or order that **you** or anyone else test for, monitor, cleanup, remove, abate, remediate, contain, treat, detoxify or neutralize, in any way respond to, or assess the effects of **Pollutants**;

    b.  Claim or **Suit** for damages because of diminution in value, loss of market value, loss of use, testing for, monitoring, cleaning up, removing, abating, remediat- ing, containing, treating, detoxifying or neutralizing or in any way responding to, or assessing the effects of **Pollutants**;

    c.  Any payment of the investigation or defense of any loss, injury or damage

**Pollutants** means any solid, liquid, gaseous or thermal irritant, or contaminant, including smoke, vapor, soot, airborne fibers, fumes, acids, alkalis, chemicals; toxins derived from but not limited to mold, fungus, or decay; and waste derived from any source, including but not limited to petroleum derivative products, which contaminate, pollute and/or defile any physical substance or matter. Waste includes materials to be recycled, reconditioned or reclaimed.

**Hostile fire** means one which becomes uncontrollable or breaks out from where it was intended to be.

## PART V - POLICY TERRITORY

Policy Territory means anywhere in the world, provided that if **Suit** on the merits is brought, it is brought in the United States of America (including its territories and possessions), Puerto Rico or Canada.

## PART VI – CONDITIONS

### A.  *Primary Insurance Requirements*

1.  You agree that all required **Basic Policies** described in this Policy or the Declarations are in force for any:

    a.  Personal residence, farm, seasonal, secondary or rental property owned, rented or leased by you or any covered person; and

    b.  Auto, watercraft or recreational vehicle owned, leased, rented or provided for the regular use of any covered person.

2.  You agree that all required **Basic Policies** will be maintained with the coverages and at the limits declared and described in the Declarations. If your **Basic Policies** do not provide the coverages and limits indicated, the **Insured** will be responsible for the amount of the loss up to the full Minimum Limits of Coverage of the **Basic Policies** as described in the Declarations.

### B.  *Duties in the Event of Occurrence, Offense, Claim or Suit.*

In the event of an Occurrence which is likely to involve this policy, or if you or anyone else covered under the policy is sued in connection with an **Injury** which may be covered under this policy, you or they must do the following:

PLIP 320 (04/10)

**AIC 892**

EXHIBIT A Page 9 of 14

Exhibit A
Page 17 of 32

1. Notify us and your agent as soon as possible;

2. Immediately provide us with any Suit papers and any other documents which will help us to defend you or them;

3. Cooperate with us at all times regarding:

   a. Investigation and settlement of claims;

   b. Enforcement of your rights against others;

   c. Attendance at hearings and trials;

   d. Preservation of evidence and

   e. Location of witnesses;

4. Submit to examinations under oath or written questions at our request as often as we reasonably require about any matter relating to the policy or Occurrence. We may examine you separately and apart from your spouse or any other insured. In the event of written questions, the Insured's answers must be signed. At our request, the Insured will provide relevant records and documents and permit us to make copies as often as we reasonably require;

5. Assist us generally in the preparation of the defense. Such assistance may include any appeal of a judgment to a higher court, even if the companies who write the Basic Policies are not willing to participate with us; and

6. Anyone covered by this policy must do all they can to protect any right they may have to recover from others. These rights will become ours up to the loss we have paid.

C. *Assignment.* No one covered under this policy may assign or turn over any right or interest in regard to the policy without our written consent.

D. *Legal Action Against Us.* A person or organization may bring a Suit against us including, but not limited to, a Suit to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this insurance or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

E. *Our Right to Recover Payment.* If we make any payment under this policy and the person to or for whom payment is made has a right to recover damages from another, we shall be subrogated to that right. You must do nothing after loss to prejudice that right. However, our right to recover is subordinate to the insured's right to be fully compensated.

F. *Changes.* This policy may only be changed by written endorsement issued by us.

G. *Conform to Law.* If this policy conflicts with state or local laws then it is changed to conform.

H. *Liberalization Clause.* If we adopt any revision which would broaden coverage under this policy without additional premium within sixty (60) days prior to or during the period this policy is in effect, the broadened coverage will immediately apply to this policy.

I. *Bankruptcy and Death.* Bankruptcy, insolvency, or death of anyone covered under this policy will not affect this coverage. If anyone covered becomes bankrupt, insolvent, or dies, their legal representatives will be covered during this Policy Period.

J. *Other Insurance.* There may be other collectible insurance, in addition to the Basic Policies, covering a claim which is also covered by this policy. If this occurs, the other insurance will pay first and this policy will respond in excess of, and not contribute with, the other insurance.

This insurance does not apply until after exhaustion of all other collectible insurance and/or other protection available to the insured (the Basic Policies, personal or commercial automobile insurance, employer's insurance and/or any other protection or indemnification whether primary, excess or contingent).

K. *Exemplary Damages.* In the event of reduction or exhaustion of the Basic Policies by payment of Punitive or Exemplary Damages, we shall be liable for loss or claims insured hereunder only to the extent that we would have been liable without reduction or exhaustion of the Basic Policies by Punitive or Exemplary Damages.

L. *Cancellation.*

   1. You may cancel this policy by mailing or delivering to our agent, or to us, advance notice of the date you wish it to be cancelled, enclosing therewith your copy of this policy. Your premium refund, if any, will be based on the short rate table.

AIC 893

2. We may cancel by mailing to you, at the last mailing address known to us, written notice stating when cancellation will be effective. If we cancel due to your failure to discharge when due any of your obligations in connection with the payment of premium for this policy or any installment payment, whether payable directly to us or our agent or indirectly under any premium finance plan or extension of credit, written notice of cancellation must be mailed at least ten (10) days before the effective date of cancellation. However, if we cancel for any reason, other than nonpayment of premium, written notice of cancellation must be mailed at least thirty (30) days before the effective date of cancellation. Your premium refund, if any, will be pro rata. Proof of mailing of notice as mentioned above shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the Policy Period.

M. *Nonrenewal.* If we elect not to renew this policy, we shall mail to you at the last address known to us written notice of nonrenewal not less than thirty (30) days before the end of the Policy Period as stated in the Declarations. Proof of mailing of notice mentioned above shall be sufficient proof of notice. Regardless, this policy will terminate at the end of the Policy Period as stated in the Declarations:

1. If you have failed to discharge when due any of your obligations in connection with the payment of premium for the renewal of this policy; or

2. If you have notified us or our agent that you do not wish this policy to be renewed.

N. *Concealment - Misrepresentation.* This entire insurance is void if you conceal or misrepresent any material fact or circumstance relating to this insurance at any time.

O. *No Voluntary Payment.* No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

AIC 894

Policy Number: PUP0360188

**RLI Insurance Company**
Peoria, Illinois 61615

A Stock Insurance Company

## Personal Umbrella Liability Policy

# STATE OF ARIZONA AMENDATORY ENDORSEMENT

In accordance with the laws and regulations of the state of Arizona, the policy is amended, as of the effective date of the policy as follows:

1) PART VI – CONDITIONS is amended by replacing Condition L., *Cancellation*, as follows:

"L. *Cancellation.*

1. You may cancel this policy by mailing or delivering to our agent, or to us, advance notice of the date you wish it to be cancelled, enclosing therewith your copy of this policy. Your premium refund, if any, will be based on the short rate table.

2. If this policy has been in effect for less than sixty (60) days and is not a renewal, we may cancel the coverage by mailing or delivering written notice of cancellation to you, at your mailing address shown in the Declarations, at least:

   a. ten (10) days prior to cancellation for failure to pay a premium; or

   b. thirty (30) days prior to cancellation for any other reason.

3. If this policy has been in effect for sixty (60) days or more or is a renewal, we may cancel the policy by mailing or delivering written notice of cancellation to you at your mailing address shown in the Declarations, at least thirty (30) days prior to the effective date of cancellation, but only if cancellation is for one or more of the following reasons:

   a. if there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy;

   b. if the risk has changed substantially since the policy was issued, except to the extent that we should reasonably have foreseen the change or contemplated the risk in writing the policy; or

   c. if you fail to take reasonable steps to eliminate or reduce any conditions in or on the insured premises which contributed to a loss in the past or will increase the probability of future losses.

4. If we cancel the policy your premium refund, if any, will be pro rata. Proof of mailing of notice as mentioned above shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the Policy Period."

PUA 402 (04/10)                                                    Page 1 of 2

**AIC 895**

2) PART VI - CONDITIONS is amended by replacing Condition M., *Nonrenewal*, as follows:

"M. *Nonrenewal.*

    1. If we elect not to renew this policy, we will mail or deliver to you, at your mailing address shown in the Declarations, written notice of nonrenewal at least thirty (30) days before the end of the Policy Period as stated in the Declarations. Proof of mailing will be sufficient proof of notice.

    2. If our nonrenewal is based on the condition of the premises, you will be given thirty (30) days' notice to remedy the identified conditions. If the identified conditions are remedied, coverage will be renewed. If the identified conditions are not remedied to our satisfaction, you will be given an additional thirty (30) days, upon payment of premium, to correct the defective condition.

    3. This provision will not apply and this policy will terminate:

        a. at the end of the Policy Period, if you have agreed to nonrenewal; or

        b. on the effective date of any other insurance policy, if you have accepted the other policy and it was issued as a replacement for this insurance."

3) PART VI - CONDITIONS is amended by replacing Condition N., *Concealment - Misrepresentation*, as follows:

"N. *Concealment - Misrepresentation.*

We do not provide coverage for anyone insured under this policy who, whether before or after a loss, has:

    1. intentionally concealed or misrepresented any material fact or circumstance;

    2. made false statements of fact which, if known to us, would have caused us not to issue the policy; or

    3. engaged in fraudulent conduct relating to this insurance."

Attached to and forming part of the policy of the RLI Insurance Company.
All other terms and conditions of the policy remain unchanged.

PUA 402 (04/10)

AIC 896

Policy Number: PUP0360188

RLI Insurance Company

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.

_____
Corporate Secretary

_____
President & COO

ILF 0001 (01/01)

**AIC 897**

IN DISTRICT COURT, COUNTY OF BURLEIGH, STATE OF NORTH DAKOTA

| | | |
|---|---|---|
| Keith Johnson and Jessica Johnson, | ) | Civil no.: 08-2013-CV-00249 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **FINDINGS OF FACT,** |
| v. | ) | **CONCLUSIONS OF LAW,** |
| | ) | **AND ORDER FOR** |
| Kathleen Stenehjem, personal representative | ) | **JUDGMENT** |
| of the Estate of Robert Stenehjem, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The above entitled matter came on for hearing before the Honorable Sonna Anderson, on

April 2, 2013, at the Morton County Courthouse, Mandan, North Dakota. Plaintiffs appeared

personally and through their attorney, Kim E. Brust, Conmy Feste Ltd., Fargo, North Dakota.

Defendant, Estate of Robert Stenehjem, appeared through its attorney, Michael Morley, Morley

Law Firm, Grand Forks, North Dakota. There were no other appearances.

Based upon the Settlement Agreement under <u>Miller v. Shugart</u> ("Settlement Agreement")

and after hearing all of the evidence and being fully advised in the premises, the court makes the

following:

### FINDING OF FACT

1. Plaintiff, Keith Johnson ("Keith"), claims substantial damages against Defendant for

personal injury resulting from a motor vehicle accident on July 18, 2011, and alleges that that

collision and his injuries were the result of the negligence of Robert Stenehjem ("Stenehjem").

2. Plaintiff, Jessica Johnson ("Jessica"), alleges that she sustained a loss of consortium

as a result of Keith's injuries.

3. Plaintiffs commenced the above entitled action against the Estate of Robert

Stenehjem ("Estate").

1

RECEIVED & FILED

APR 0 2 2013

Clk. of Crt. Burleigh Co.

AIC 371

EXHIBIT B Page 1 of 10

4. The Estate admits that facts have developed through discovery and investigation which indicate that it has potential liability exposure to Plaintiffs. To eliminate that risk and avoid additional expense of trial, the Estate wishes to resolve this action and limit its loss exposure, by allowing judgment to be entered against it.

5. At the time of the collision, Allstate Property & Casualty Insurance Company provided liability coverage for and upon the motor vehicle involved in the collision, driven by Stenehjem and National Farmers Union provided excess coverage to Stenehjem and his Estate. Plaintiffs and Defendant maintain that a personal umbrella liability policy issued by RLI Insurance Company ("RLI") to John Stenehjem provides additional excess coverage.

6. RLI Insurance has denied any and all obligations to indemnify the Estate under its personal umbrella policy and has denied that any coverage is owed whatsoever on account of the damages claimed by Plaintiffs.

7. RLI has been advised of negotiations between Plaintiffs and the Estate.

8. RLI has failed to meaningfully participate in settlement discussions between Plaintiffs and Defendant.

9. RLI continues to deny coverage to the Estate, thus exposing the Estate to personal liability if a judgment is ultimately rendered against it.

10. Despite requests, RLI has refused to participate to resolve, settle, or pay Plaintiffs' claim against the Estate.

11. Plaintiffs and Defendant believe the personal umbrella policy issued by RLI Insurance provides excess coverage for the damages sustained by Plaintiffs.

12. Plaintiffs and the Defendant for and in consideration of mutual covenants and other good and valuable consideration have entered into the Settlement Agreement, a copy of which is

2

AIC 372

attached and incorporated by reference as Exhibit "A."

13.  Stenehjem was negligent and his negligence was a direct cause of the motor vehicle collision of July 18, 2012 and the injuries sustained by Keith and the loss of consortium sustained by Jessica.

14.  The terms of the Settlement Agreement, including the amount of $2,293,237.87, is fair and reasonable.

15.  A jury could render a judgment in excess of the settlement amount of $2,293,237.87.

### CONCLUSIONS OF LAW

Based upon the foregoing, the Court makes the following:

1.  Plaintiffs are entitled to judgment against Defendant in the amount of $2,293,237.87.

2.  The enforceability of the judgment is subject to and restricted by the terms of the Settlement Agreement.

### ORDER FOR JUDGMENT

The Clerk of this Court shall enter judgment on behalf of Plaintiffs as described above.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated this _2_ day of April, 2013.

Honorable Sonna Anderson
Judge of District Court

3

AIC 373

IN DISTRICT COURT, COUNTY OF BURLEIGH, STATE OF NORTH DAKOTA

| | |
|---|---|
| Keith Johnson and Jessica Johnson, | Civil no. _____ |
| Plaintiffs, | |
| v. | **SETTLEMENT AGREEMENT** |
| Kathleen Stenehjem, Personal Representative of the Estate of Robert Stenehjem, | |
| Defendant | |

IT IS HEREBY AGREED by and between plaintiffs Keith Johnson and Jessica Johnson and defendant Kathleen Stenehjem, in her capacity as personal representative of the Estate of Robert Stenehjem, and <u>not</u> personally <u>or</u> individually, ("Stenehjem") as follows:

I

On July 18, 2011, at approximately 11:56 a.m., Keith was a passenger in a 1999 Chevrolet Suburban driven by Robert Stenehjem traveling north on Sterling Highway near Soldotna, Alaska. At the above time and place, near milepost 104.2 of Sterling Highway, the vehicle was driven off the road. Plaintiffs contend that Stenehjem negligently drove the vehicle off the road.

II

Plaintiffs Keith Johnson ("Keith") and Jessica Johnson ("Jessica") brought a claim for personal injuries allegedly caused by the negligence and fault of Robert Stenehjem. Specifically Plaintiffs contended Keith suffered the following injuries: numerous, severe, permanent and disabling injuries to his person which have caused him much pain, suffering, mental anguish and loss of his ability to enjoy life, all of which he shall continue to experience in the future; lost wages together with a permanent and serious impairment of his earning capacity in the future, and expenses for the treatment of his injuries,

AIC 374



EXHIBIT B Page 4 of 10

for doctor bills, specialists, therapy treatment, x-rays, and all other medical expenses having a reasonable value, in an amount not yet ascertained, and the necessity for which shall continue in the future. Plaintiffs also contend that as a direct and proximate result of the negligence of Robert Stenehjem, Keith has found it impossible to perform his normal duties as a husband and to afford his wife, plaintiff, Jessica, the society and companionship afforded her before his injuries. Keith and Jessica contend that such injuries have deprived Jessica of the consortium, normal aid, society and companionship previously afforded her by Keith and have caused her mental anguish and loss of enjoyment of life, all of which will continue in the future.

III

Defendant Stenehjem has denied all liability as to plaintiffs.

IV

Allstate Property and Casualty Insurance Company provides liability coverage for and upon the motor vehicle involved in the collision, driven by Robert Stenehjem, with a face coverage limit of $250,000. National Farmers Union Property & Casualty Co., provides excess liability coverage to Robert Stenehjem and his estate, with a face coverage limit of $100,000. Keith Johnson contends that his injuries from this incident are covered by Underinsured motorist coverage from Midwest Family Mutual Insurance Company, with a limit of $500,000; Allstate Property and Casualty Insurance Company, with a limit of $250,000; and American Family Mutual Insurance Company, with a limit of $250,000.

John Stenehjem holds a Personal Umbrella Liability Policy through RLI Insurance Company. The policy provides coverage

For Occurrences involving the use of Automobiles, Recreation Vehicles or Watercraft:

a. You are covered for any Automobile, Recreational Vehicle, or Watercraft you own, borrow, rent, or use.

**AIC 375**

**EXHIBIT B Page 5 of 10**

Exhibit A
Page 27 of 32

b. Anyone else who uses an Automobile, Recreational Vehicle or Watercraft you own, borrow, rent, or use as a temporary substitute is covered if

(1) They use it with your express or implied permission, and;

(2) The use is for the purpose you intended

The face coverage limits of liability insurance coverage on this RLI policy are $2,000,000. Plaintiffs and defendant maintain that this RLI policy provides liability coverage in the subject incident for Robert Stenehjem and his estate. RLI Insurance Company has refused to provide coverage in the above-entitled matter.

V

Plaintiffs Johnson and defendant Stenehjem agree that the reasonable value of all plaintiffs' claims is $2,293,237.87, broken down as follows:

1. Past medical - $393,237.87
2. Past pain and suffering - $400,000.00
3. Past wage loss - $150,000.00
4. Future medical - $150,000.00
5. Future diminished earning capacity - $450,000.00
6. Future pain and suffering - $500,000.00
7. Loss of consortium - $250,000.00

VI

Plaintiffs Johnson and defendant Stenehjem have kept in mind and have been guided by the decision of the Minnesota Supreme Court in *Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1982) and of the North Dakota Supreme Court in *Sellie v. N. Dakota Ins. Guar. Ass'n*, 494 N.W.2d 151 (N.D. 1992), and the judgment stipulated herein is intended to have the same effect as the judgments entered in said decisions, and for and in consideration of mutual covenants and other good and valuable consideration, plaintiffs and defendant Stenehjem agree as follows:

3

AIC 376

a.    Stenehjem stipulates to a judgment against it and in favor of plaintiffs Johnson in the amount of $2,293,237.87, inclusive of costs and disbursements and attorneys fees. The judgment would only be entered as against the estate of Robert Stenehjem, deceased, and <u>not</u> against Kathleen Stenehjem personally or individually.

b.    Plaintiffs Johnson herein agree that neither them nor their heirs, assigns, agents, representatives, attorneys, subrogees, sobrogors, lien holders or claimants, including but not limited to the governmental entities of Medicare or Medicaid, medical provider lien holders, subrogating insurers, or anyone else claiming through the Johnson or on their behalf, will execute, levy, or seek satisfaction, payment or enforcement of the judgment or any liens from or against the personal, individual, business, or other assets, property (real or personal or intangible), financial assets, or any other property, assets or holdings of Defendant, Kathleen Stenehjem, either individually or personally, in her capacity as personal representative of the Estate of Robert Stenehjem, deceased, or as against the estate of Robert Stenehjem, deceased, and whether being held individually or jointly by Defendants, or any of them, with regard to the judgment entered by the Court herein. Regarding any liens, plaintiffs shall hold harmless defendants from any claims or suits thereon.

c.    The parties hereto expressly agree that the plaintiffs have made no claim against Kathleen Stenehjem, individually or personally, with respect to the motor vehicle accident and plaintiffs' damages therefrom, described in parts I and II, above, and that the judgment stipulated herein and that will be entered in this action is not a judgment against Kathleen Stenehjem, personally or individually, but is only a judgment as respects the Estate of Robert Stenehjem, deceased, and subject to the provisions of this agreement.

d.    Subject to paragraph VI(f) of this agreement, This judgment is explicitly and expressly <u>not</u> satisfiable or enforceable in whole or in part, by attachment of or upon any assets or property of Kathleen Stenehjem, personally and individually, or the Estate of Robert Stenehjem, deceased, nor by enforcement or levy upon any assets or property of Kathleen Stenehjem personally and individually or the Estate of Robert Stenehjem, deceased, nor shall it become a lien upon any property or assets of any kind of either Kathleen Stenehjem, personally and individually, <u>or</u> the estate of Robert

4

AIC 377

Stenehjem, deceased. *Drake v. Ryan*, 514 N.W.2d 785 (Minn 1994)

e. Plaintiffs shall only execute on the judgment, if at all, against the insurer or insurers that have insurance coverage for the claims of Plaintiffs arising out of the incident herein, and that have not previously paid or agreed to pay their coverage limits to plaintiffs, and plaintiffs will hold harmless and indemnify Kathleen Stenehjem, individually, and the Estate of Robert Stenehjem, deceased, from any subrogation or other claims against her or the Estate by any such insurers who make payments to plaintiffs under their policies.

f. Plaintiffs Johnson will only seek to satisfy this judgment from any available and unpaid liability insurance coverage provided by Allstate Property & Casualty Insurance Company and National Farmer's Union Property & Casualty Company; the personal umbrella liability insurance policy of RLI Insurance Company; from the underinsured motorist coverage insurance of Midwest Family Mutual Insurance Company, Allstate Insurance Company and American Family Insurance Company; and any other insurance coverage for the claims of plaintiffs arising out of the incident herein, and not from any other property or assets of any kind of Kathleen Stenehjem, individually, or in her capacity as personal representative of the Estate of Robert Stenehjem, deceased, or from the Estate of Robert Stenehjem, deceased, or from his heirs. Upon payment of their liability insurance coverage or other coverage by any of the said insurance companies under any of the said insurance policies referred to in IV above, the Johnsons, by their attorney, shall execute and cooperate in getting filed, partial satisfactions of the judgment entered herein, to the extent of such payment by said insurance company or companies.

g. Stenehjem hereby assigns to Plaintiffs Johnson any and all claims that Stenehjem may have arising out of the July 18, 2011 accident against RLI Insurance Company, arising from RLI policy number PUP0360188 issued to John Stenehjem.

h. Stenehjem and Stenehjem's attorneys agree to cooperate as needed in the prosecution of any claim against RLI Insurance by Plaintiffs Johnson, their successors or assigns, including but not limited to: 1) executing and delivering any and all instruments and papers Plaintiffs Johnson, their successors, or assigns deem necessary or appropriate to settle, prosecute, institute, or compromise any action or claim for recovery under the RLI

5

**AIC 378**

insurance policy, 2) providing a complete copy of all written & electronic and correspondence sent to or received from RLI regarding insurance coverage for the July 18, 2011 accident, and 3) assisting as needed as witnesses in any eventual litigation against RLI Insurance Company, including meeting informally to prepare or respond to discovery or depositions, with any such cost to be borne by Plaintiffs Johnson, their successors, or assigns; and 4) providing and maintaining a current mailing address and contact phone number for the purposes satisfying this cooperation clause.

i.    It is understood that any claims for underinsured motorist coverage are expressly reserved

### VII

The parties hereto agree that they shall contemporaneously with the execution of this Settlement Agreement enter into a stipulation for the entry of judgment herein provided and request that such judgment be entered by the Court thereon.

The parties further agree that they will jointly apply to the Court and request that the Court file this Stipulation and enter any judgment thereon as a confidential and restricted document and filings, for which the public is prohibited access, pursuant to North Dakota Supreme Court Administrative Rule 41 and the provisions and subsections thereof and any other law or regulation allowing such restricted filing.

### VIII

Defendant Stenchjem expressly acknowledges that it has obtained the advice of its attorney and has thoroughly discussed the terms and conditions of this Settlement Agreement with that attorney and it understands and accepts the terms and conditions hereof fully and voluntarily

### IX

The laws of the State of North Dakota shall be used to interpret this Agreement and Stipulation. *See Sellie v. N. Dakota Ins. Guar. Ass'n*, 494 N.W.2d 151, 156 (N.D. 1992) (citing *Snortland v. Larson*, 364 N.W.2d 67, 69

6

AIC 379

(N.D 1985), *Am. Hardware Mutual Ins. Co. v. Dairyland Ins. Co.*, 304 N.W.2d 687, 689 n. 1 (N.D 1981))

X

Plaintiffs and Defendant affirm that they each have had independent advice of legal counsel as to all matters discussed and set forth herein, and that based on such advice, the parties agree that this Agreement and Stipulation is a reasonable and prudent resolution of the controversy and claims that exist between Plaintiffs and Defendant

Dated: Feb. 11, 2013

Keith Johnson

Subscribed and sworn to before me this 11 of February, 2013

SAREE T. REVELING
Notary Public
State of North Dakota
My Commission Expires Sept. 24, 2016

Notary Public

Dated: February 11, 2013

Jessica Johnson

Subscribed and sworn to before me this 11 of February, 2013

SAREE T. REVELING
Notary Public
State of North Dakota
My Commission Expires Sept. 24, 2016

Notary Public

Approved as to form and content

Dated: February 11, 2013

Kim E. Brust Esq.
Attorneys for Plaintiffs

Dated: 2-26-13

Kathleen Stenehjem as
Personal Representative of the
Estate of Robert Stenehjem

Subscribed and sworn to before me this 26 of February, 2013

State of North Dakota
County of Burleigh

CONNIE M MILLER
Notary Public
State of North Dakota
My Commission Expires July 11, 2018

Notary Public
My Commission Expires:

7

AIC 380

EXHIBIT B Page 10 of 10

Exhibit A
Page 32 of 32